IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| R.Y., individually and on behalf of ward, I.X., <br><br>    Plaintiffs, <br><br>  vs. <br><br>STATE OF HAWAII, DEPARTMENT OF EDUCATION and PAT HAMAMOTO, in her official capacity as Superintendent of the Hawaii Public Schools, <br><br>    Defendants. <br>_____ | CIVIL NO. 09-00242 JMS/BMK <br><br>ORDER AFFIRMING THE HEARINGS OFFICER'S APRIL 30, 2009 DECISION AND REMANDING TO THE HEARINGS OFFICER THE ISSUE OF RELIEF PURSUANT TO PLAINTIFFS' STAY PUT RIGHTS |

**ORDER AFFIRMING THE HEARINGS OFFICER'S APRIL 30, 2009 DECISION AND REMANDING TO THE HEARINGS OFFICER THE ISSUE OF RELIEF PURSUANT TO PLAINTIFFS' STAY PUT RIGHTS**

**I.  INTRODUCTION**

On May 29, 2009, Plaintiffs R.Y. ("Mother"), individually and on behalf of ward, I.X. ("Student"), (collectively "Plaintiffs"), filed a Complaint under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, seeking a reversal of the Administrative Hearings Officer's April 30, 2009 Findings of Fact, Conclusions of Law and Decision ("April 30, 2009 Decision"), finding that Student was provided a free and appropriate education ("FAPE") and

was qualified to receive her high school diploma.  Plaintiffs have further requested, and Defendant Department of Education ("DOE" or "Defendant") has denied, that Student has "stay put" rights during this appeal.

Based on the following, the court AFFIRMS the April 30, 2009 Decision finding that Plaintiffs did not carry their burden of proving that Student was not entitled to a regular high school diploma.  The court further finds, however, that Plaintiffs have had stay-put rights pending their appeal of the April 30, 2009 Decision and therefore REMANDS to the Hearings Officer to determine appropriate relief.

## II. BACKGROUND

Student was born on May 20, 1989 and qualifies for special education services under the category of emotional disturbance.  Record on Appeal ("ROA") Pet'r Ex. 1 at 1-2.  Student's home school was Maui High School, but she attended Horizons Academy of Maui, Inc. ("Horizons") as a placement based on her Individualized Education Plan ("IEP").  ROA Resp't Ex. 3 at IX 61-62.

At issue in this action is Maui High School's decision to issue Student a regular high school diploma in June 2009.  Previously, Maui High School had informed Plaintiffs that Student would receive her high school diploma upon completion of the 2007-2008 school year.  Student did not receive her diploma in

2

2008, however, because Plaintiffs requested a due process hearing, resulting in the parties entering a settlement that Student would not receive her diploma that year. ROA Resp't Ex. 11 at IX 215.

At Student's October 28, 2008 and November 3, 2008 IEP meetings for the 2008-2009 school year, the participants discussed Maui High School's plan to award Student a high school diploma at the end of the school year. ROA Resp't Ex. 2, at IX 57-58. The IEP outlined various services to be provided to Student for the school year, including transition planning team meetings and family counseling to assist with Student's transition into adulthood. *Id.* at IX 043. The IEP further listed Student's post high school goals as to either attend Maui Community College or find employment in the area of child care or as a personal assistant. *Id.* at IX 033.

A November 12, 2008 Prior Written Notice ("PWN") formally notified Plaintiffs that Student "will receive a high school diploma in June 2009 [and] continue to be educated in the young adult program at Horizons until the end of the 2008-2009 school year." ROA Resp't Ex. 3, at IX 061.

On December 2, 2008, Plaintiffs requested an impartial hearing to address various concerns they had with Student's IEP, including that "Student's right to a 'regular High School diploma' is speculative [at] this point and no

decision should be made to award her such a diploma until adequate analysis has been made of the course work and standards she actually completed." ROA Pet'r Ex. 1, at 2. A hearing was held on March 18 and 19, 2009.

At the hearing, Randy Yamanuha, principal at Maui High School, testified that Maui High School had determined that by spring 2008 Student had met the graduation requirements outlined in the DOE's Graduation Policy 4540. *See* ROA Tr. vol. 1 at 127. Graduation Policy 4540 provides that the minimum requirements for graduation from high school include completion of:

    1.    Twenty-two (22) credits of the following courses.
          a.    English 4.0 credits
                Social studies 4.0 credits
                Mathematics 3.0 credits
                Science 3.0 credits
                Physical Education 1.0 credits
                Health 0.5 credits
                Guidance 0.5 credits
          b.    Elective credits (6)
    2.    Demonstrated mastery of essential competencies.
          a.    Competencies are the basic standards of proficiency required of students who have completed court and credit requirements.
          b.    Mastery shall be determined in accordance with established Department procedures.

Board of Education, State of Hawaii, Department of Hawaii, Policy No. 4540, Graduation and Related, http://lilinote.k12.hi.us/STATE/BOE/POL1.NSF/85255a0a0010ae8285255534006

0479d/91ae48edb6f3e0140a2566a3006f0dec?OpenDocument (last visited Feb. 1, 2010) ("Policy 4540").

Yamanuha testified that Policy 4540 does not specify what qualifies as a passing grade in any of the listed subjects. Rather, the subjects are based on Hawaii State Standards and each school works individually to determine what level of proficiency and specific skill sets are necessary. ROA Tr. Vol. 1 at 137-38. Further, no exit and/or competency exam is a prerequisite to receiving a diploma. *Id.* at 131-32.

Student's official transcript indicates that by the end of 2007-2008 school year, Horizons had granted Student enough credits in each of the courses listed in Policy 4540 to receive a diploma. ROA Resp't Ex. 11 at IX 210, IX 240; ROA Tr. Vol. 1 at 129-30. Yamanuha explained that he accepted that Student met Policy 4540's credit requirements based on her transcript from Horizons. ROA Tr. Vol. 1 at 141. Yamanuha accepted the transcript on the basis of the "integrity of the institution" and due to the history of students transferring from Horizons to Maui High School and performing well. *Id.* Yamanuha acknowledged, however, that he was not specifically aware of how Horizons determines whether a student receives credit for a particular course. *Id.* at 141-43.

Sally Iwankiw, Director of Horizons, testified that because Horizons is a special education school, courses are not taught up to the Hawaii State Standards, and rather are taught at the child's individual level.  ROA Tr. Vol. 1 at 82-83; *see also id.* at 18-19 (testimony of Amrita Lowenthal stating that Horizons grades students based on work completed, level of effort, and participation). Iwankiw further testified that she believed Student's overall grade level was probably around the third to fourth grade level, but she did not have Student's records on hand.  *Id.* at 83.

Mother similarly testified that Student cannot perform simple addition and has not earned a high school diploma.  *Id.* at 60.  In 2007, however, Student's testing scores placed her reading comprehension at the fourth grade level, word reading, writing, and math at the ninth grade level, and spelling at the post-high school level.  ROA Tr. Vol. 2 at 176-77.  The low results of this testing are questionable because she spent only 20 minutes on the test even though it normally takes 50 minutes to complete.  *Id.* at 176.  Further, this past year, Student took an English class at Maui Community College.  ROA Tr. Vol. 1 at 84.

On April 30, 2009, the Hearings Officer entered his Decision finding, among other things, that Student should be awarded a high school diploma because

Plaintiffs failed to support with evidence their assertion that Student did not meet the graduation requirements. ROA Ex. 12 at 000074.

On May 29, 2009, Plaintiffs filed their Complaint seeking a reversal of the Hearings Officer's April 30, 2009 Decision. On December 1, 2009, Plaintiffs filed their Opening Brief, and Defendant filed its Answering Brief on January 15, 2010. A hearing was held on February 8, 2010.

### III.  STANDARD OF REVIEW

The IDEA provides that "[a]ny party aggrieved by the findings and decision" of the hearings officer "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). "The burden of proof in an administrative hearing challenging an IEP is properly placed upon the party seeking relief," *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005), and a party challenging the administrative decision bears the burden of proof when seeking relief from the district court. *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 910 (9th Cir. 2009).

The IDEA requires that the court: "(I) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a

party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Section 1415(i)(2)(C) calls for the court to conduct a de novo review of the state hearing officer's findings and conclusions. *Ashland Sch. Dist. v. Parents of Student R.J.*, 588 F.3d 1004, 1008 (9th Cir. 2009) (citing *Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1996)).  At the same time, however, "section 1415(i)(2)(C)'s mandate that the reviewing court 'receive the records of the [state] administrative proceedings' carries with it the implied requirement that due weight shall be given to these proceedings." *Id.* (citing *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)) (some citations and quotations omitted).

        The "fact-intensive nature" of the IDEA proceedings "coupled with considerations of judicial economy render a more deferential approach appropriate." *JG v. Douglas County Sch. Dist.*, 552 F.3d 786, 793 (9th Cir. 2008) (quoting *Hood v. Encinitas Union Sch. Dist.*, 486 F.3d 1099, 1104 n.4 (9th Cir. 2007)).  The degree of deference increases when the hearings officer's findings are "thorough and careful." *Id.* (quoting *R.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 937 (9th Cir. 2007)).  The court should avoid "substitut[ing] [its] own notions of sound educational policy for those of the school authorities which [it]

review[s]." *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994) (internal quotation marks omitted).

Ultimately, however, "the court is free to determine independently how much weight to give the state hearing officer's determinations." *Ashland Sch. Dist.*, 588 F.3d at 1009 (citing *County of San Diego v. Cal. Special Educ. Hearing Office*, 93 F.3d 1458, 1466 (9th Cir. 1996); *Ash v. Lake Oswego Sch. Dist., No. 7J*, 980 F.2d 585, 587-88 (9th Cir. 1992)).

## IV. <u>DISCUSSION</u>

Plaintiffs contend that the DOE failed to provide Student a FAPE when it improperly graduated Student from high school, and seek relief pursuant to the stay-put requirements of IDEA.[1] The court addresses each argument in turn.

**A.  High School Diploma**

The regulations implementing the IDEA provide that "[t]he obligation to make FAPE available to all children with disabilities does not apply with respect to . . . [c]hildren with disabilities who have graduated from high school with a regular high school diploma." 34 C.F.R. § 300.102(a)(3)(I). Once a student graduates from high school, she is no longer entitled to a FAPE. *See T.S. v. Indep.*

---

[1] Plaintiffs also assert that Student is entitled to educational services under the IDEA until she reaches the age of 22. Because the court finds that Plaintiffs have not carried their burden of showing that Defendants improperly graduated Student from high school, the court need not address this issue.

*Sch. Dist. No. 54, Stroud, Okla.*, 265 F.3d 1090, 1092 (10th Cir. 2001); *Bd. of Educ. v. Nathan R.*, 199 F.3d 377, 381 (7th Cir. 2000).

      A regular high school diploma must be "fully aligned with the State's academic standards." 34 C.F.R. § 300.102(a)(3)(iv). To receive a regular high school diploma in Hawaii, the State of Hawaii Board of Education requires students to attain 22 credits in various courses and "demonstrated mastery of essential competencies," which are the "basic standards of proficiency required of students who have completed court and credit requirements [and is] determined in accordance with established Department procedures." Policy 4540.

      The April 30 Decision found that Plaintiffs "have not shown that the DOE inappropriately determined that Student is eligible to receive a high school diploma." ROA Ex. 12 at 000073. The Hearings Officer credited Yamanuha's testimony that Student had earned enough credits by the 2007-2008 school year to graduate and rejected Mother's testimony that Student cannot perform even simple addition as contrary to Student's assessments from Horizons. Further, even if the Hearings Officer credited Mother's statement, he found that Plaintiffs failed to show that Defendant did not perform an adequate analysis regarding the course work Student had completed. *Id.* at 000074.

Based upon a de novo review of the Hearings Officer's findings and conclusions and giving due weight to the record, the court agrees with the Hearings Officer's conclusion that Plaintiffs failed to carry their burden of proof that Student was not entitled to a high school diploma, and therefore have also failed to carry their burden on appeal in challenging the April 30, 2009 Decision.  *Schaffer*, 546 U.S. at 62 ("The burden of proof in an administrative hearing challenging an IEP is properly placed upon the party seeking relief."); *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 910 (9th Cir. 2009).

At the administrative hearing, it was not Defendant's burden to prove that Student was entitled to a regular high school diploma, but rather Plaintffs' burden to show that Student did not meet the requirements for a high school diploma.  Plaintiff failed to offer any specific evidence showing that student did not meet the graduation requirements, and thus failed to meet her burden.[2]

The testimony and evidence presented to the Hearings Officer establish that Maui High School determined that Student met the Hawaii state credit requirements based on a review of her transcript at Horizons, the known integrity of Horizons, and a history of students transferring from Horizons to Maui High School and doing well.  Indeed, Student's transcript at Horizons indicated

---

[2] Further, Plaintiff declined to present any additional evdience before this court.  *See* 20 U.S.C. § 1415(i)(2)(C).

that Student had received the required number of credits in each of the subjects outlined by Policy 4540.  Plaintiffs, however, failed to present *any* evidence regarding the content of her classes at Horizons or how that content compares to the Hawaii State Standards, and therefore failed to carry their burden.

Instead, Plaintiffs presented evidence that (1) Maui High School, consistent with its general practice, performed no inquiry into whether Student's credits from Horizons should count towards Student's diploma, ROA Tr. Vol. 1 at 141; and (2) Horizons teaches courses according to the individual student's level and not up to the Hawaii State Standards.  *Id.* at 82-83.  While this evidence could raise the question of whether Maui High School should have performed more of an inquiry when reviewing Student's Horizons transcript, the issue presented to the Hearings Officer was not the scope of inquiry Maui High School should have performed.  Rather, at issue was whether Plaintiffs proved that Student should not have been granted a diploma under Policy 4540; that Maui High School could have performed a more thorough inquiry regarding Student's classes at Horizons does not establish that Student did not deserve a regular high school diploma.

Further, Plaintiff's evidence regarding Student's academic abilities was equivocal at best and also did not address whether the classes Student completed at Horizons should count towards Policy 4540's graduation

requirements. For example, Iwankiw guessed that Student's overall grade level was probably around the third to fourth grade level, but she did not have Student's records on hand. *Id.* at 83. Student's test scores in 2007 (in which she spent only 20 minutes on a 50 minute test), however, suggest that Student performs at a higher level. These test scores placed Student's reading comprehension at the fourth grade level, word reading, writing, and math at the ninth grade level, and spelling at the post-high school level.[3] ROA Tr. Vol. 2 at 176-77. To the extent that any of these test scores could potentially suggest that Student did not meet the basic standards of proficiency for graduation, Plaintiffs failed to come forward with any evidence explaining the relationship of these test scores to the Hawaii State Standards, and the court simply will not "substitute [its] own notions of sound educational policy for those of the school authorities which [it] review[s]." *Smith*, 15 F.3d at 1524.

      In sum, Plaintiffs failed to carry their burden to affirmatively present evidence to show that Student failed to satisfy the State graduation requirements. To determine that Student was not entitled to a high school diploma, Plaintiffs would have had to present at minimum evidence regarding the content of Student's courses at Horizons, the Hawaii State Standards, and the Department procedures

---

[3] Further, this past year, Student performed well in a Maui Community College English class. ROA Tr. Vol. 1 at 84.

used to determine mastery in essential competencies.  *See* Policy 4540.  Plaintiffs, however, presented no such evidence.  The court therefore AFFIRMS the April 30, 2009 Decision.

**B.     Stay Put**

After Maui High School granted Student her high school diploma, Defendant refused to recognize that she had any "stay put" rights under IDEA while Plaintiffs appealed the April 30, 2009 Decision.  Plaintiffs argue, and the court agrees, that Student has stay put rights during her appeal.

The IDEA provides that a student should stay in her then-current educational situation during the pendency of any proceedings:

> [D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j).  The Ninth Circuit has interpreted this provision as making "the school district and the state responsible for the costs of [Student's] placement during the court review proceedings regardless of which party prevails in this appeal."  *Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings*, 903 F.2d 635, 641 (9th Cir. 1990).

The language of the stay-put provision is unequivocal -- Student is entitled to remain in her "then-current educational placement" pending these proceedings.  At the time Plaintiffs requested a due process hearing, Student was a student receiving benefits under the IDEA, including her educational placement at Horizons.  Student was therefore entitled to stay in this educational placement pending these proceedings.  *See Sammons v. Polk County Sch. Bd.*, 2006 WL 82606, at *3 (M.D. Fla. Jan. 12, 2006) (finding that where the plaintiffs challenge the student's graduation, the stay-put provision applies until after a final judgment is entered on the graduation challenge); *Cronin v. Bd. of Educ. of East Ramapo Cent. Sch. Dist.*, 689 F. Supp. 197, 202 n.4 (S.D.N.Y. 1988) (stating that where the issue is whether the student properly graduated, the student "is entitled to remain at [school] in accordance with protection provided by the stay-put provision").

In opposition, Defendant argues that the stay put provision does not apply because Student's right to educational services ended when she graduated from high school with a regular diploma.[4]  Def.'s Answering Br. 9-10.  Defendant reasons that to apply the stay put provision to a student who has already received her high school diploma would encourage parents to file an appeal merely to

---

[4] Defendant also argues, without any support whatsoever, that the court lacks jurisdiction to determine the stay put issue because Plaintiffs did not file a separate motion seeking this relief.  The court rejects this argument, and in any event, construes Plaintiff's Opening Brief as raising a motion for a "stay put."

prolong the provision of benefits. *Id.* Defendant's reasoning, however, directly contradicts the very purpose of the stay put provision -- "to strip schools of the 'unilateral authority they had traditionally employed to exclude disabled students . . . from school' and to protect children from any retaliatory action by the agency." *Johnson ex rel. Johnson v. Special Educ. Hearing Office, State of Cal.*, 287 F.3d 1176, 1181 (9th Cir. 2002) (quoting *Honig v. Doe*, 484 U.S. 305, 323 (1988)). Accepting Defendant's reasoning would result in the untenable result that a school may unilaterally terminate a student's benefits under the IDEA simply by granting her a regular high school diploma, even though the issue of her graduation is properly before a Hearings Officer and/or court. The court therefore rejects Defendant's argument.[5]

In sum, the court finds that because Plaintiffs are appealing whether Student is entitled to a regular high school diploma, Defendant's issuance of a diploma to Student did not extinguish Student's stay put rights under the IDEA. As

---

[5] Defendant suggests that the court should extend the reasoning of *Board of Education of Oak Park & River Forest High School District 200 v. Illinois State Board of Education*, 79 F.3d 654, 659 (7th Cir. 1996), which found that the stay put provision does not apply to students who age out of IDEA benefits. A student aging out of IDEA benefits does not raise the same concerns as a defendant unilaterally issuing the student a high school diploma -- the defendant cannot control a student's age, but can control whether student receives a regular high school diploma. *See also T.S. v. Independent Sch. Dist. No. 54, Stroud, Ok.*, 265 F.3d 1090, 1092 (10th Cir. 2001) (stating that the rule that graduation moots an IDEA case "applies, of course, only where a student does not contest his graduation, and where he is seeking only prospective -- rather than compensatory -- relief").

to the remedy, Plaintiffs argue in summary fashion and without any supporting evidence that parents have been paying for Student's continuing education at Horizons, but not at the level Student received under her IEP. On this record, the court cannot determine the appropriate relief for Defendant's violation of Plaintiffs' stay put rights and therefore REMANDS to the Hearings Officer to determine a remedy.[6]

## V. CONCLUSION

Based on the above, the court AFFIRMS the April 30, 2009 Decision. The court further finds that Plaintiffs are entitled to relief pursuant to the IDEA's stay put provision, and REMANDS this action to the Hearings Officer to determine appropriate relief.

//

//

//

//

//

//

---

[6] Pursuant to the parties' representations at the February 8, 2010 hearing, the parties shall meet and confer to determine whether they can reach settlement on stay put relief.

Case 1:09-cv-00242-JMS-BMK   Document 21   Filed 02/17/10   Page 18 of 18    PageID #: 127

The court further directs the Clerk of Court to close this case. If the issue of stay put relief is determined by the Hearings Officer and subsequently appealed, the court shall waive the filing fee.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 16, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

R.Y. v. State of Hawaii et al., Civ. No. 09-00242 JMS/BMK, Order Affirming the Hearings Officer's April 30, 2009 Decision and Remanding to the Hearings Officer the Issue of Relief Pursuant to Plaintiffs' Stay Put Rights